988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Ozuna RODARTE, Defendant-Appellant.
 No. 92-10297.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-91-00328-SMM, Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Ozuna Rodarte appeals from the judgment of conviction of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and aiding and abetting the possession of cocaine with intent to distribute it. Rodarte's defense at trial was entrapment. We affirm.
 
 I.
 
 3
 Rodarte's testimony in support of the defense of entrapment was contradicted in all material respects by Francisco Romaro's testimony. Romaro testified that Rodarte informed him that he could sell drugs to Romaro if Romaro was interested. At Rodarte's request, Romaro arranged a meeting with DEA agent Jim Brown. Agent Brown, who was acting as a drug dealer, discussed the purchase of cocaine with Rodarte. On August 9, 1991, Agent Brown purchased an ounce of cocaine for $600 from Rodarte. Agent Brown told Rodarte that he wanted to purchase five kilograms of cocaine. This conversation, and all other transactions with Agent Brown, were secretly recorded. At a second meeting with Agent Brown, Rodarte told Brown that his source was afraid to sell five kilograms at one time and that they would only sell one kilogram at a time.
 
 
 4
 On August 21, 1991, Agent Brown purchased another ounce of cocaine from Rodarte. Rodarte and Brown agreed that Brown would travel to Rodarte's residence to purchase one kilogram with the remaining four kilograms to be stored in close proximity to Rodarte's residence.
 
 
 5
 On August 22, 1991, Rodarte informed Agent Brown that he would sell Brown one kilogram for $19,000. Romaro drove Rodarte to an apartment building to pick up the cocaine. Jose Luis Buelna-Lopez left the apartment and approached Romaro's vehicle carrying a blue bag. Rodarte told Buelna-Lopez "there's no problem, we're going after the money." Romaro drove Rodarte and Buelna-Lopez to a K-Mart parking lot.
 
 
 6
 Romaro contacted Agent Brown through the use of a pager. Agent Brown came to the parking lot, opened the door to the van, and stated "Let's see what it looks like." Buelna-Lopez pointed to the blue bag. The bag contained one kilogram of cocaine. The defendants were then arrested.
 
 
 7
 On cross-examination by Rodarte's attorney, Romaro testified that he made only one visit to Rodarte's house before he introduced Agent Brown to Rodarte. Romaro also testified that he did not tell Rodarte that he needed money for his van payments.
 
 
 8
 In support of his defense of entrapment, Rodarte testified that Romaro approached him in April, 1991. Romaro told him he needed some help to make money. Romaro stated he was looking for drugs. Rodarte told him he did not know anything about drugs. Three days later, Romaro went to Rodarte's home unannounced. Romaro asked Rodarte if he had found someone who could supply drugs. Rodarte told Romaro he did not know anyone who could supply drugs. Romaro told Rodarte he would keep checking to see if Rodarte would find a source. Rodarte testified that he had no intention of getting involved in drug dealing.
 
 
 9
 A week later, Romaro told Rodarte that Romaro needed money to make car payments. Between April and August of 1991, Romaro made 15 visits to Rodarte's house to request a source for drugs. Rodarte further testified that when Romaro brought Agent Brown to his home, Rodarte had no intention of selling drugs. Because of Romaro's pressure, Rodarte began to sell cocaine to Agent Brown.
 
 
 10
 The jury convicted Rodarte of both counts of the indictment. The defendant was sentenced to a term of 78 months in jail.
 
 II.
 
 11
 Rodarte's appointed counsel, Donald W. MacPherson, has filed a brief in which he states that this appeal is frivolous. Mr. MacPherson has requested that he be allowed to withdraw as Rodarte's attorney on this appeal.
 
 
 12
 In Anders v. California, 386 U.S. 738 (1967), the Supreme Court stated that several requirements must be met before an appellate court can grant an attorney's motion to withdraw as counsel because he or she believes the appeal is frivolous. First, defense counsel must submit a brief in his client's behalf arguing anything that might arguably support an appeal. 386 U.S. at 744. Second, a copy of counsel's brief should be furnished to the appellant. Id. Third, the appellant must be given ample time to raise any additional arguments in a pro se brief.[1] Finally, the reviewing court must conduct an independent review of the record to determine if the appeal is "wholly frivolous." Id. If the court concludes that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and affirm the conviction. Id. However, if the reviewing court concludes that the appeal has some merit, the court must "afford the indigent the assistance of counsel to argue the appeal." Id.
 
 III.
 
 13
 We have conducted an independent review of the record. We conclude that this appeal is wholly frivolous and that Rodarte's counsel has complied with the requirements of Anders.
 
 
 14
 Mr. MacPherson has directed our attention to the issue of entrapment presented at trial by Rodarte. Whether a defendant has been entrapped is generally a question for the trier of fact. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). "To establish entrapment as a matter of law, the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." Id. Rodarte testified that he was induced to sell cocaine by Romaro. His testimony was contradicted by Romaro and Brown. Romaro testified that Rodarte introduced the subject of selling drugs in his conversation with Romaro. The record supports an inference that Rodarte sold cocaine to Brown to satisfy his desire to profit from criminal activity. Because the evidence that Romaro or Brown initially induced Rodarte to sell cocaine is disputed, an appeal based on the theory of entrapment is wholly frivolous.
 
 
 15
 Mr. MacPherson notes that the Government argued during the sentencing proceedings that Rodarte's offense level should be calculated on the basis of the five kilograms of cocaine he negotiated to sell. Rodarte's trial counsel argued that the offense level should be determined by the amount of cocaine he actually sold. The district court agreed with Rodarte's trial counsel and used the offense level for one kilogram of cocaine. Therefore, there is no basis for an appeal from the district court's sentencing decision.
 
 
 16
 The motion of Donald W. MacPherson to withdraw is GRANTED. The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rodarte's counsel's withdrawal motion was referred to the merits panel in an order filed on September 17, 1992. In the same order, Rodarte was informed that he could file a supplemental brief. Rodarte has not filed a supplemental brief